# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 16-cv-2445-WJM-MJW

AEGIS SPINE, INC.,

    Plaintiff,

v.

AEGIS SPINE CANADA, LTD.,

    Defendant.

---

# ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

---

Plaintiff Aegis Spine, Inc. ("Plaintiff") brings this action against Defendant Aegis Spine Canada, Ltd. ("Defendant") for breach of contract and *quantum meruit*. (ECF No. 1.) Before the Court is Plaintiff's Motion for Entry of Default Judgment ("Motion"). (ECF No. 15.) For the following reasons, the Motion is granted.

## I. LEGAL STANDARD

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the clerk of court if the claim is for "a sum certain"; in all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as

such a protection." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (internal quotation marks and citation omitted).

Further, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008). Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter over the action. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

## II. BACKGROUND

Given Defendant's failure to appear and answer, the Court finds the following to be undisputed.

Plaintiff is a Colorado corporation with its principal place of business in Greenwood Village, Colorado. (ECF No. 1 ¶ 1.) Plaintiff "is a distributor of orthopedic implant products, with a primary focus on spinal implant devices." (*Id.* ¶ 2.) According

2

to the Complaint, Plaintiff contracted with Defendant, a Canadian company, to effect distribution of its spinal products in the Canadian market. (*Id.* ¶¶ 4, 7.)

Thus, on December 1, 2015, the parties entered into a contract (the "Distribution Agreement") in which Plaintiff agreed to ship certain medical devices and instruments to Defendant for Defendant to market in Canada. (*Id.* ¶ 11; *see also* ECF No. 1-2.) The Distribution Agreement details a six-part payment schedule beginning July 31, 2016 through December 31, 2016, in which Defendant would compensate Plaintiff for the products delivered. (ECF No. 1 ¶ 19; *see also* ECF No. 1-2 at 17.) Plaintiff also asserts that it loaned additional medical instruments to Defendant. (ECF No. 1 ¶¶ 21, 28.) Plaintiff claims that it "shipped all of the specified products and [loaned] instruments to Defendant." (*Id.* ¶ 12.) Plaintiff now asserts that Defendant "has made none of the payments that it was required to make" and that it "is still in possession of [Plaintiff's] loaned instruments." (*Id.* ¶¶ 27, 28.)

Based on this course of events, Plaintiff initiated this action by filing a complaint on September 29, 2016. (ECF No. 1.) As noted above, Defendant failed to appear, thus the Clerk filed an Entry of Default as to Defendant on March 2, 2017. (ECF No. 18.) Plaintiff filed the instant Motion before the Court on January 3, 2017. (ECF No. 15.)

This Court has reviewed the Motion, the exhibits and declarations, and the applicable law, and is sufficiently advised on the issues involved.

### III.  ANALYSIS

With the preceding legal standards in mind and before considering whether damages should be assessed in this case, the Court addresses whether Plaintiff has

established jurisdiction and whether its claims state a legal basis for relief.

**A.     Jurisdiction**

First, the Court has subject-matter jurisdiction over this case.  District courts have subject-matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).  As stated above, Plaintiff is a corporation organized and existing under the laws of Colorado.  (ECF No. 1 ¶ 1.)  Defendant is a "Canadian Federal Corporation which maintains its registered office . . . [in] Vancouver, British Columbia, Canada."  (*Id.* ¶ 3.)  The amount in controversy is more than $75,000, as detailed further below.  (*Id.* ¶ 22; ECF No. 15 ¶ 20.)  Thus, the Court is satisfied that it has subject-matter jurisdiction over this lawsuit.

Second, the Court has personal jurisdiction over Defendant and venue lies in this District, as Defendant entered into a Distribution Agreement with Plaintiff, which is "governed under Colorado law and was to be entirely performed within the State of Colorado."  (ECF No. 15 ¶¶ 13–14 (citing Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124(a)(1) (2016)).)  Defendant has also been served with a summons and Complaint.  (ECF No. 17 ¶ 5 ("On November 8, 2016 the Canadian Ministry of Justice, acting through the Vancouver Sheriff's Office made personal service pursuant to the Hague Convention on [Defendant's] counsel."); *see also* ECF No. 12 at 2.)

**B.     Breach of Contract**

Plaintiff maintains that the Distribution Agreement is to be governed under Colorado law.  (ECF No. 15 ¶ 14.)  Under Colorado law, a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of

4

a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Taking the facts pled in Plaintiff's Complaint as true, Plaintiff has shown that Defendant breached its contract with Plaintiff. First, Plaintiff alleges that the Distribution Agreement "constitutes a valid and enforceable contract between the parties" and attaches a copy of the Distribution Agreement bearing signatures of Plaintiff and Defendant. (ECF No. 1 ¶ 24; ECF No. 1-2.) This is satisfactory to demonstrate the existence of a valid contract for default judgment purposes. Next, Plaintiff pleads that it "has performed each and every duty to which it was obligated under the Distribution Agreement." (*Id.* ¶ 26.) This includes shipping to Defendant all of the specified spinal products and instruments. (*See id*. ¶ 12.) Third, Plaintiff has sufficiently alleged that Defendant breached the Distribution Agreement by failing "to make any of the required payments" per the payment schedule under Article 4.2 of the Distribution Agreement (*Id.* ¶¶ 16, 17.) Fourth, Plaintiff alleges that as a result of Defendant's breach of their payment obligation, Plaintiff has suffered damages in the amount of the value of those products and instruments provided. (*Id.* ¶ 21.) These factual allegations establish all four elements of a breach of contract claim and support default judgment. The Court will enter a default judgment against Defendant and in favor of Plaintiff.

**C. Damages**

Having determined that a default judgment should enter, the Court must next determine the amount and character of Plaintiff's recovery. *See* 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2688 (4th ed., Apr. 2015 update); *see*

*also Herzfeld v. Parker*, 100 F.R.D. 770, 773 (D. Colo. 1984) ("A final default judgment cannot be entered against a party until the amount of damages has been ascertained."). Actual proof must support any default judgment for money damages. *See Klapprott v. United States*, 335 U.S. 601, 611–12 (1949). In some situations, that proof is provided in a hearing; however, the Court may enter a default judgment without a hearing if the amount claimed is "a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

In its Motion, Plaintiff claims that Defendant is liable for the unpaid principal amount due on the delivered product, unpaid accrued pre-judgment interest, and post-judgment interest. (ECF No. 15 at 5.) The Court will consider each item of proposed recovery in turn.

    1.    <u>Principal Amount</u>

Plaintiff seeks recovery of the principal amount due on the product and instruments provided to Defendant. (ECF No. 15 ¶¶ 18–19.) Plaintiff asserts that, in total, it "has shipped products and instruments to [Defendant] worth $682,030.09." (*Id.* ¶ 20.) In support of this amount, Plaintiff attaches the declaration of Ui Rok Jung ("Jung Declaration"), Plaintiff's Chief Financial Officer, in which he attests that the total value of the products and instruments delivered to Defendant are valued, per the Distribution Agreement, at $682,030.09. (*See* ECF No. 15-2 ¶ 12.) The Court finds that Plaintiff has made a sufficient showing that it is entitled to damages on the principal owed, thus the Court awards Plaintiff $682,030.09 in damages against Defendant.

    2.    <u>Pre-judgment Interest</u>

Plaintiff seeks pre-judgment interest at a rate of 8% *per annum*. (ECF No. 15

¶ 16.)  "It is well-established that a federal court sitting in diversity applies state law, not federal law, regarding the issue of pre-judgment interest." *AE, Inc. v. Goodyear Tire & Rubber Co.*, 576 F.3d 1050, 1055 (10th Cir. 2009).  Colorado's pre-judgment interest rule is contained in Colo. Rev. Stat. §§ 5-12-100 *et seq*.  Here, § 5-12-102(1)(b) controls, such that Plaintiff is entitled to prejudgment interest at the rate of 8% per annum.

The Jung Declaration purports to establish that Plaintiff's claim for pre-judgment interest began on August 1, 2016 against the entire principal amount.  (ECF No. 15-2 ¶ 20.)  However, the Court notes that the Distribution Agreement's six-part payment schedule reflects otherwise.  (*See id*. ¶ 15 (stating that the first payment is due no later than July 31, 2016 and the last payment is due no later than December 31, 2016).)  As noted earlier, Plaintiff bears the burden of establishing entitlement to recovery of damages against Defendant for each individual amount sought.  *See Fed. Fruit & Produce Co.*, 2009 WL 765872, at *7.

Accordingly, the Court agrees with Plaintiff that it is entitled to pre-judgment interest, however, the Court will only apply the interest rate against the total principal amount due after the sixth payment became due.  In other words, the Court calculates pre-judgment interest at 8% *per annum* against the entire principal amount from January 1, 2017 through the date of this Order in the amount of $21,376.50.

3.  Post-judgment Interest

Plaintiff seeks an award of post-judgment interest.  Plaintiff is statutorily entitled to post-judgment interest on any monetary judgment in a civil case recovered in a district court.  *See* 28 U.S.C. § 1961(a).  Accordingly, the Court awards Plaintiff post-

7

judgment interest as determined by 28 U.S.C. § 1961.

    4.  Costs

Lastly, Plaintiff references "collection costs" in its Motion, although it does not explicitly pray for such relief. (ECF No. 15 ¶ 26.) Federal Rule of Civil Procedure 54(d) provides that costs, other than attorneys fees, should be awarded to a prevailing party, and 28 U.S.C. § 1920 provides that such an award is to be made upon the filing of a bill of costs. Accordingly, the Court finds that Plaintiff should be awarded its costs pursuant to § 1920 upon the filing of a proper bill of costs.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Entry of Default Judgment (ECF No. 15) is GRANTED;
2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $682,030.09, and pre-judgment interest in the amount of $21,376.50;
3. Plaintiff is awarded post-judgment interest on the foregoing sums at the statutory rate;
4. Plaintiff shall have its taxable costs upon compliance with D.C.COLO.LCivR 54.1; and
5. The Clerk shall terminate this case.

Dated this 23rd of May, 2017.

BY THE COURT:

William J. Martinez
United States District Judge